UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY M. WALKER,

    Petitioner,

v.                                              Case No: 5:23-cv-469-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Terry M. Walker's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 11). Respondent has filed a response asserting that the petition is untimely. (Doc. 20). Petitioner replied, Doc. 25, and Respondent filed a Supplemental Response (Doc. 32). Upon careful consideration, the Court finds that Mr. Walker's petition is due to be dismissed.

## BACKGROUND

On October 20, 2016, Mr. Walker was initially charged by information with possession of a firearm by felon, possession of methamphetamine with intent to sell or deliver, possession of cocaine with intent to sell or deliver, possession of methadone, and possession of paraphernalia, in Case No. 2016-CF-981 (Citrus County, Fla.). (Doc. 21-1 at 24–26). These charges stemmed from the execution of a search warrant on October 13, 2016. (Doc. 21-1 at 16–20). The charges were amended multiple times, with the Fourth Amended Information being filed on January 9, 2018. *Id.* at 111–12.

The Fourth Amended Information charged Mr. Walker with possession of a firearm and/or ammunition by a felon (Count 1), possession of methamphetamine with intent to sell or deliver (Count 2), possession of heroin with intent to sell or deliver (Count 3), possession of methadone (Count 4), and possession of paraphernalia (Count 5). *Id.*

On January 10, 2018, Mr. Walker had a jury trial on Count 1 only, the possession of a firearm by felon charge. *Id.* at 142. That same day, the jury found him guilty as charged. *Id.* at 117. On February 23, 2018, Mr. Walker was sentenced to fifteen years imprisonment. *Id.* at 169–71. Mr. Walker appealed, and his judgment and sentence were *per curiam* affirmed on January 29, 2019. *Id.* at 445; *see also Walker v. State*, 264 So. 3d 934 (Fla. 5th DCA 2019); Case No. 5D18-601. Mandate issued on March 18, 2019. *Id.* at 447.

On October 29, 2018, Mr. Walker entered a negotiated plea of no contest to possession of methamphetamine with intent to sell or deliver (Count 2), possession of a heroin with intent to sell (Count 3), possession of methadone (Count 4), and possession of paraphernalia (Count 5), in exchange for a sentence of eight years imprisonment consecutive to the fifteen-year sentence imposed on Count 1. (Doc. 21-1 at 876–88, 892–906, 1118–23). Mr. Walker appealed (Doc. 21-1 at 908), and his judgment and sentence were *per curiam* affirmed on August 27, 2019. (Doc. 21-1 at 1186); *see also Walker v. State*, 279 So. 3d 721 (Fla. 5th DCA 2019); Case No. 5D18-3616. Mandate issued on September 20, 2019. (Doc. 21-1 at 1188).

On December 22, 2019, Mr. Walker filed a motion for postconviction relief under Rule 3.850, Fla. R. Crim. P. (Doc. 21-1 at 1208–36). On February 6, 2020, the

2

trial court denied the motion, in part, and reserved ruling, in part, until an evidentiary hearing is held. *Id*. at 1239–1307. On February 9, 2021, a final order denying the postconviction motion was entered. *Id*. at 1315–23. Mr. Walker appealed, and the order was *per curiam* affirmed on September 14, 2021. *Id*. at 1494. Mandate issued on November 1, 2021. *Id*. at 1496.

On October 19, 2021, Mr. Walker filed a motion to correct illegal sentence/habeas corpus. (Doc. 21-1 at 1500–12). The trial court found that the claim was not proper as either a motion under Rule 3.800(a) or as a habeas petition under Rule 1.630, Fla. R. Crim. P. *Id*. at 1514. The court further stated that if claim was brought as a Rule 3.850 motion, it would be untimely and successive. *Id*. Thus, the motion was denied. *Id*. at 1513–15. Mr. Walker appealed, and the order was *per curiam* affirmed on June 14, 2022. *Id*. at 1536; *see also Walker v. State*, 343 So. 3d 91 (Fla. 5th DCA 2022); Case No. 5D22-266. Mr. Walker's motion for rehearing was denied, *id*. at 1543, and mandate issued on August 5, 2022. *Id*. at 1545.

On November 24, 2021, Mr. Walker filed a successive Rule 3.850 motion for postconviction relief. (Doc. 21-1 at 1549–66). On January 4, 2022, the trial court denied the motion as procedurally barred and untimely. *Id*. at 1567–78. Mr. Walker appealed, and the order was *per curiam* affirmed. *Id*. at 1600; *see also Walker v. State*, 346 So. 3d 624 (Fla. 5th DCA 2022); Case No. 5D22-267. Mr. Walker's motion for rehearing was denied, *id*. at 1608, and mandate issued on September 16, 2022.

On July 7, 2022, Mr. Walker filed a petition for writ of habeas corpus in the Fifth District Court of Appeal alleging ineffective assistance of appellate counsel. (Doc. 21-1 at 1612–37). On August 3, 2022, the petition was dismissed as untimely. *Id.* at 1639.

On July 31, 2023, Mr. Walker filed his initial petition in this Court under 28 U.S.C. § 2254. (Doc. 1). On September 5, 2023, Mr. Walker moved to amend his petition, stating it was his "belief that said petition is both facially and legally insufficient and must be amended." (Doc. 4 at 1–2). The motion was granted, and he filed his amended petition on November 21, 2023. (Doc. 11).

## ANALYSIS

In his amended petition for habeas relief, Mr. Walker alleges he received ineffective assistance of counsel during a suppression hearing prior to the firearms trial and during plea proceedings on the counts (2–5) that he later pled to. (Doc. 11 at 17–22). Regardless, Respondent contends that Mr. Walker's amended petition must be dismissed as time-barred under 28 U.S.C. § 2244(d). (Doc. 20 at 4–6). The Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitation governing state prisoners' filings of federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Notably, though, "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [this] period of limitation[.]" *Id.* § 2244(d)(2).

### A. The Petition is Untimely

Mr. Walker's judgments and sentences became final on August 27, 2019, following the Fifth DCA's *per curiam* affirmance in Case No. 5D18-3616. (Doc. 21-1 at 1186). Mr. Walker then had ninety days, or through November 25, 2019, to petition the Supreme Court for certiorari. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment and not the issuance of a mandate starts the clock running for time to petition the Supreme Court for certiorari). Thus, Mr. Walker's convictions became final on November 25, 2019. Under § 2244(d)(1)(A), he had one year from that date, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the limitations period is tolled during the pendency of Mr. Walker's "properly filed" state collateral proceedings. His initial Rule 3.850 motion for postconviction relief was filed on December 22, 2019, 27 days into the one-year statute of limitations. The limitations period was tolled until November 1, 2021, following the Fifth District Court of Appeal's issuance of its mandate. (Doc. 21-1 at 1496). The limitations period restarted and ran until it expired on October 5, 2022. The original petition (Doc. 1) was filed July 31, 2023. The amended petition (Doc. 11) was filed on November 21, 2023. Both were filed after the one-year period had expired.

Mr. Walker's motions filed on October 19, 2021, November 24, 2021, and July 7, 2022, had no tolling effect because they were not "properly filed." A state postconviction motion is not "properly filed," and thus does not toll one-year statute of limitations for seeking federal habeas relief, if it was rejected by state court as untimely. *See* 28 U.S.C. § 2244(d)(2); *Jones v. Sec'y, Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018). "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005) (quotation marks and brackets omitted).

In his reply, Mr. Walker includes a Rule 3.800(a) motion to correct illegal sentence that included a stamp indicating that it was received by prison officials for mailing on December 22, 2019. (Doc. 25-1 at 1–5). He claims that because this motion was never ruled on, it is still pending in the state court. (Doc. 25). However, a review of the state court online docket for Case 2016-CF-981 in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida, does not show that this motion was docketed. The docket further shows no subsequent filing by Mr. Walker regarding the status of this motion. Because this motion has never been pending in state court, it has no tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."); *Avant v. Secretary, Department of Corrections*, Case No. 2:23-cv-215-SPC-KCD, 2024 WL 1703102 (M.D. Fla. Apr. 19, 2024) (same).

## B. Equitable Tolling is Not Warranted

A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). The petitioner bears the burden of proving circumstances that justify the application of equitable tolling. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) (citation omitted). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Id.* (internal quotation and citation omitted). The allegations supporting equitable tolling must be specific and not conclusory. *Id.* (citation omitted). Because equitable tolling is an "extraordinary remedy," it is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation and citation omitted). On review, the Court concludes that Mr. Walker has not shown entitlement to equitable tolling.

## CONCLUSION

Based on the foregoing, Mr. Walker's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 11) is **DISMISSED** as time-barred. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Walker and close this case.

## Certificate of Appealability

A petitioner does not have absolute entitlement to appeal the denial of his or her habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where, as here, a petitioner's claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Walker cannot make this showing. Accordingly, Mr. Walker is not entitled to a certificate of appealability. Because he is not entitled to a COA, Mr. Walker is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida on May 14, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Petitioner, pro se